**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2727
_____

S.M., by and through his parents, Michael C. and Danielle C.

v.

CHICHESTER SCHOOL DISTRICT,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-04266)
District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 27, 2025

Before: HARDIMAN, PORTER, and RENDELL, *Circuit Judges*.

(Filed: February 28, 2025)
_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Chichester School District appeals the District Court's order requiring it to place a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

student, S.M., in a specific residential educational facility. We will affirm.

I

S.M. is a seventeen-year-old boy with severe autism and intellectual disabilities. His parents filed an administrative complaint against Chichester School District with the Pennsylvania Office for Dispute Resolution, asserting claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The parents alleged that Chichester denied S.M. a free appropriate public education (FAPE) by failing to offer him an individualized education program (IEP) that would, upon his release from a residential treatment facility, place him in a residential educational facility.

The special education administrative Hearing Officer dismissed the complaint. He reasoned that because Chichester was the "resident district" and not the "host district" under 24 Pa. Stat. § 13-1306, it had no duty to provide S.M. with an IEP unless his release from his residential treatment facility was imminent. The Hearing Officer alternatively concluded that if Chichester had to provide S.M. with an IEP, it had to offer to place him in a residential educational facility.

The parents sued Chichester in federal court, arguing that the Hearing Officer's legal conclusions were erroneous. They moved for a preliminary injunction requiring Chichester to place S.M. in a residential educational facility. The District Court rejected the Hearing Officer's legal conclusions and held: (1) Chichester had assumed the responsibilities of a host district and (2) there was no imminency requirement in the IDEA. The District Court issued a preliminary injunction ordering Chichester to arrange

2

for S.M. to move to a mutually agreeable residential educational placement. Chichester appealed, and we affirmed the District Court's order entering the preliminary injunction.

Chichester offered to place him in Elwyn's residential educational program to comply with the preliminary injunction, but S.M. argued that Elwyn's program was inadequate. While the litigation over the preliminary injunction continued, S.M. lost placements at two other facilities. Because so much time had elapsed, the District Court appointed an expert to evaluate S.M. The expert filed her report in July 2024, and she recommended that S.M. be placed in a residential educational facility.

In August 2024, S.M. received an offer, open for three weeks, from the Melmark School. The District Court heard argument and received evidence from the parties during two proceedings. The District Court agreed with the expert that S.M. still required a residential educational placement and found that it was unlikely he would make progress at Elwyn. Determined not to let another placement slip away, the District Court ordered Chichester to secure and fund S.M.'s placement at Melmark. Chichester timely appealed that order.

II[1]

Chichester first argues that the District Court erred by declining to remand the case to the Pennsylvania Office for Dispute Resolution. We disagree. We previously held that the parents exhausted their claims, so no remand was necessary. The District Court

---

[1] The District Court had subject-matter jurisdiction under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction to review the District Court's order effectively modifying its preliminary injunction under 28 U.S.C. § 1292(a)(1).

properly determined which placement offers would satisfy its preliminary injunction by providing S.M. with a FAPE.

We are also unpersuaded by Chichester's argument that the District Court clearly erred by relying on the expert's opinion. After reviewing the Court's factual findings based in part on the expert report, we are not "left with the definite and firm conviction that a mistake has been committed." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (cleaned up). The record supports the District Court's factual findings.

The District Court did not abuse its discretion by hearing argument and taking evidence in the August 2024 proceedings on short notice. The placement offer at issue was set to expire in about one week, and S.M. had already twice lost a placement offer because it expired while Chichester litigated the placement. In this context, the Court acted within its discretion.

Nor was the District Court required to include an age limit or a residency requirement in its order. The order instructed Chichester to "take all necessary steps to secure S.M.'s residential educational placement at the Melmark School for his immediate admission—including signing an enrollment contract and completing all related requirements—on or before September 5, 2024" and to "make all necessary arrangements to fund S.M.'s placement at the Melmark School." App. 2. Nothing in this order suggests that Chichester must provide S.M. with a FAPE once he ages out under the law. Nor does it require Chichester to continue to fund S.M.'s placement if his mother moves out of the school district.

4

Chichester also argues that the District Court erred by requiring it to sign an enrollment contract on short notice. We are unpersuaded. It is true that Chichester must follow certain procedures before executing contracts under the Pennsylvania Sunshine Act, 65 Pa. Cons. Stat. § 701 *et seq.*, and the Pennsylvania Public School Code of 1949, 24 Pa. Stat. § 1-101 *et seq.* But Chichester was long aware that it would have to sign a contract to place S.M. in a residential educational facility on short notice, and it knew for nearly a month in advance that it might have to act quickly to place S.M. at the Melmark School. The District Court did not err by requiring Chichester to comply with a court order quickly even though it may have been difficult for Chichester to do so while complying with state law.

Finally, the Court acted within its discretion when it declined to dissolve the preliminary injunction. *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 241 (3d Cir. 2003). Chichester argues that the circumstances had changed and that it had complied with the preliminary injunction. But the Court determined that S.M. still needed a residential educational placement to receive a FAPE and found Elwyn would not provide him one. And, in any event, S.M. is entitled to remain in his current placement at least until the proceedings have been completed. 20 U.S.C. § 1415(j); *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 85 (3d Cir. 1996); *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 119 (3d Cir. 2014).

## III

This matter has a contentious procedural history. Barring a negotiated settlement, we trust that the District Court will soon decide the final merits of the case. For the reasons stated, we will affirm the District Court's order.